Barnett *v.* The State.

(*) Barnett, *in error, versus* The State.

A judgment against the accused under the statute of 1851, c. 11, § 11, is reversible for error, if neither the complaint nor the judgment shows, that the liquors were intended for sale in the city, town or place where they were kept or deposited.

The rule that a writ of error will not lie where an appeal might have been taken, does not apply to criminal suits.

Writ of Error.

In July, 1851, under the statute, c. 211, of that year, three voters of the city of Gardiner made written complaint to the Judge of the Police Court, against Barnett, the plaintiff in error, alleging on oath, that they have reason to believe and *do believe,* that William Barnett of said city of Gardiner in said county, now has and *keeps spirituous or intoxicating liquors intended for sale,* deposited in the building occupied by him and Michael Hayden and Mrs. Ganey, in the portion thereof occupied by them respectively, in which buildings the said defendant keeps a shop or store, situated on Water street, in said city, and occupied by him, said Wm. Barnett, partly for a shop or store as aforesaid, as also by the said Hayden and Ganey, (said Barnett not being appointed by the mayor and aldermen of said city of Gardiner as the agent thereof, to sell therein, spirits, wines, or other intoxicating liquors ;) whereby said liquors have become forfeited to be destroyed, and said Wm. Barnett has forfeited the sum of twenty dollars, to the use of said city and costs of prosecution.

A warrant having been issued on that complaint, Barnett appeared before the Judge, and pleaded that he was not guilty of the charge of having kept or having deposited any liquor as described in said complaint, for sale, and making no claim to the spirituous liquors seized, was adjudged guilty, and ordered to pay a fine of twenty dollars and costs of prosecution taxed at $11,44, from which judgment and order the said defendant claimed the right to enter an appeal at any time within twenty-four hours, which was granted ; the sum in which he was ordered to recognize being $100, as principal, with sufficient sureties in a like sum. He refused so to recognize, protesting against giving sureties ; the Court adjudged liquor forfeited. Barnett not having produced the sureties nor recognized himself as principal, within twenty-four hours after the decision and sentence, his appeal was not allowed and a mittimus for his imprisonment was issued.

It is to reverse that judgment, that this writ of error is brought.

*Clay,* for the plaintiff in error, presented to the consideration of the Court many parts of the proceedings, which he contended were erroneous.

Among other matters he cited *State* v. *Robinson,* 33 Maine, 564, and *State* v. *Gurney,* 33 Maine, 527, to show the complaint to be totally invalid, because not averring that the liquors were intended for sale, in the *city of Gardiner.*

*Vose, County Att'y,* for the State.

It is a fixed principle that no writ of error can lie, where the party had a right to appeal. 4 Mass. 678 ; 6 Mass. 4 ; 9 Mass. 228 ; 3 Metc. 373.

In this case Barnet had the right of appeal.

*Clay,* in reply. — That principle of law has many exceptions, and it is never applied to criminal suits. 15 Pick. 234 ; 12 Met. 9 ; 33 Maine, 250.

HOWARD, J. — The plaintiff has brought this writ of error to reverse the judgment of the Police Court for the city of

Gardiner, rendered against him, on a complaint for keeping spirituous and intoxicating liquors, intended for sale, deposited in a building in that city, occupied by him and others; in which it is alleged, he "keeps a shop or store," without being appointed the agent of the city, "to sell therein, spirits, wines or other intoxicating liquors." The proceedings were under the Act of 1851, c. 211, and are, clearly, erroneous in many respects. It does not appear by the record and judgment, that the accused was charged, or found guilty of keeping such liquors, so deposited, as intended for sale in the city of Gardiner, or, indeed, in any town or place in this State; and without enumerating, or considering other objections to the proceedings, apparent upon the record, this is irremediable and fatal. *State* v. *Robinson,* 33 Maine, 564; *State* v. *Gurney,* 33 Maine, 526.

But it was contended at the argument, that error will not lie in this case, because the accused might have appealed from the judgment. Though, by pleading *in nullo est erratum,* it would seem that the government might have been debarred from this argument, yet, as it was addressed to us without objection, and as it involves an important principle, not unfrequently invoked, we think it may subserve the public interest to consider it, on this occasion.

The rule so often stated, upon the highest authorities, that error will not lie where an appeal might have been taken, is now received with many qualifications. The reason for the rule is, that the remedy by appeal is more direct, more convenient, more extensive and complete, and less expensive to the parties, than can be afforded by a writ of error, and therefore, it ought to be pursued. But where a party has lost this right of appeal, in a civil case, without laches, and without having waived it, either expressly or by implication, the remedy by error, may be still open to him. *Brown* v. *Jewell,* 33 Maine, 250; *Monk* v. *Guild,* 3 Met. 372. Although this remedy by appeal, in civil cases, takes away the remedy by a writ of error, by implication, as a general rule, yet, in criminal cases, the reason for the rule ceases, and there it does not

a ply. The appellant in such cases, is required to recognize with surety to prosecute his appeal, or stand committed. His remedy by appeal would often be more onerous than that by a writ of error, to reverse an erroneous judgment, and therefore it is, that his right to proceed by error, is not taken away, or impaired, by giving him the right of appeal. *Cooke, petitioner*, 15 Pick. 239; *Thayer* v. *Commonwealth*, 12 Met. 9; Co. Litt. 288, b; 3 Black. Com. 407.

At common law a writ of error lies for mistakes in the proceedings of courts of record, only; but this Court, by statute, has general jurisdiction, and power to issue writs of error to courts of inferior jurisdiction, proceeding according to the course of the common law, though not technically courts of record, to correct errors in their proceedings and judgments. But where the proceedings of such courts are not according to the course of the common law, but are erroneous, the remedy is not by error. R. S. c. 96, §§ 4, 5. In the present case, error lies. *Judgment reversed.*

SHEPLEY, C. J., and WELLS, RICE and HATHAWAY, J. J., concurred.